{¶ 77} I concur in the majority's analysis and disposition of appellant's assignments of error numbers one through three. However, I respectfully dissent from the majority's decision with regard to assignment of error number four with respect to its finding that the trial court erred in classifying the appellant as a sexual predator.
 {¶ 78} In his fourth assignment of error, the appellant argues that the trial court erred in classifying him as a sexual predator without clear and convincing evidence. Appellant argues specifically that the trial court lacked evidence with regard to his likelihood to engage in the future in a sexually oriented offense.
 {¶ 79} I find that there is clear and convincing evidence in the case sub judice that the appellant is likely to commit a sexually oriented offense in the future. There was extensive testimony during trial evidencing the fact that the appellant was familiar with the victim's family. Indeed, the victim's mother dated two of the appellant's brothers, starting when the victim was age seven. The appellant visited the victim's home together with his brothers over the course of one to two years prior to the incident. Thus, the appellant was acquainted with both the victim and her mother prior to the incident, and nonetheless engaged in sexual intercourse with the victim. This indicates to me that he knew the child's age and that he willingly exploited his relationship with her.
 {¶ 80} Secondly, the presentence investigation report clearly indicates a likelihood to recidivate. Although the report does not focus on the appellant's likelihood to recidivate with a sexually oriented offense, there is clear and convincing evidence contained in the presentence investigation report to satisfy the elements set forth in R.C. 2950.09(B)(3).
 {¶ 81} R.C. 2950.09(B)(3)(a) lists the offender's age as a relevant factor when adjudicating an offender as a sexual predator. In the case sub judice, the appellant was twenty-six (26) years of age at the time of the offense, more than ten years older than the victim, who was thirteen (13) years of age at the time of the offense.
 {¶ 82} R.C. 2950.09(B)(3)(b) lists the offender's prior criminal or delinquency record regarding all offenses, including but not limited to all sexual offenses, as a relevant factor when adjudicating an offender as a sexual predator. The presentence investigation report indicated that the appellant has an extensive criminal record. Indeed, the appellant had committed approximately a dozen offenses while a juvenile. The disposition of these juvenile offenses varied from probation to commission to the Department of Youth Services.
 {¶ 83} The appellant's record as an adult is equally lengthy, and includes the following: disorderly conduct on March 22, 1995; reckless operation, DUI, and fleeing and eluding on March 22, 1995; discharge of a firearm, assault, and intimidation on September 24, 1995;[1]
tampering with evidence and possession of cocaine on June 24, 2002; leaving the scene of an accident on September 11, 2002; wrongful entrustment on March 10, 2003; DUS on June 16, 2003; and, assault of a police officer and assault on July 3, 2003.[2] Clearly the appellant has no regard or respect for the law.
 {¶ 84} The presentence investigation report also contains a Sentencing Factor for Use in Offenses F-1 through F-5 form which indicates that recidivism is likely for the following reasons. First, the appellant was out on bail when the offense in the within case was committed. Second, there have been numerous prior adjudications of delinquency and a history of criminal convictions. Third, the appellant has failed to respond favorably in the past to sanctions imposed for criminal convictions. And fourth, the appellant shows no remorse for the within offense.
 {¶ 85} In addition, the Sentencing Factors form lists several factors that make the within offense more serious. First, the injury to the victim was worsened by the physical or mental condition or age of the victim. In this case the victim was thirteen (13) years old. Second, the victim suffered serious physical, psychological or economic harm as the result of the offense. Despite the fact that appellant's counsel argued at the sentencing hearing that the victim was "blessed with a child" as a result of the appellant's action, the fact remains that the victim became a thirteen (13) year old unwed mother and contracted a sexually transmitted disease as a result of her involvement with the appellant. Third, the appellant held a position of trust with the victim's family, and the offense was committed in violation of that position of trust. Fourth, the appellant's relationship with the victim facilitated the offense. And fifth, the offense occurred in the vicinity of one or more children related to the offender or the victim insofar as the victim was thirteen (13) years old at the time of the offense.
 {¶ 86} The trial court's adjudication of the appellant as a sexual predator is supported by the evidence even though the appellant has no other sexually oriented offense convictions. The Ohio Supreme Court, inState v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881, has acknowledged that while one sexually oriented offense, without more, may not predict future behavior, that under certain circumstances ("an offender who prays on children, for example"), it is possible that one sexually oriented conviction above can support a sexual predator adjudication. Id. at 162. It was proven by clear and convincing evidence that appellant does not abide by the rules of the society in which he lives and does not have any remorse for his actions in the case sub judice. I find that these circumstances support a conclusion that appellant was likely to commit a sexually oriented offense in the future.
 {¶ 87} I would, therefore, affirm the trial court's adjudication of the appellant as a sexual predator.
[1] The appellant drove by a low endoroement officer's home and shot at it serveral times while the officer and his family were home. The shooting was an attempt to intimidate the officer not to testify against the appellant in an upcoming trial. See PSI report at page 6.
[2] The appellant was also charged with the following offenses;underage consumption on August 12, 1995; DUI on December 8, 2002; and possession with intent to deliver on March 2, 2004. The disposition of these offenses is unknown.